# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR LUNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARMAE CARACAS,<br><br>　　　　Defendant. | Case No. 1:17-cv-00567-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

On April 24, 2017, Plaintiff Oscar Luna, appearing pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).

1

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Similarly, the court may dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

## II.

## DISCUSSION

Plaintiff brings this action against Charmae Caracas who, acting in her official capacity as Clerk Supervisor of the Fresno County Superior Court, refused to file legal documents in Case No. 14CEG02921, using the excuse that the Superior Court had dismissed the action without prejudice. (Compl. ¶¶ 4, 5.) Plaintiff alleges that dismissal of the action was impossible because the case was on appeal from January 19, 2016 through February 24, 2017 in case no. F073104. (Compl. ¶ 5.) Plaintiff brings this action alleging denial of access to the court seeking injunctive relief and monetary damages.

### A. Quasi-Judicial Immunity from Damages

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v.

1 U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987); Fixel v. United States, 737 F.Supp. 593, 597 (D. Nev. 1990), aff'd sub nom. Fixel v. U.S. Dist. Court of Nevada, 930 F.2d 27 (9th Cir. 1991). Clerk action that is "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.' " Mullis, 828 F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)). In Mullis, a bankruptcy debtor filed an action against the bankruptcy court clerks. Mullis, 828 F.2d at 1390. The plaintiff alleged denial to access of the court after the court clerks refused to accept and file an amended petition in his bankruptcy action. Mullis, 828 F.2d at 1390. The court found that the clerk of court and deputy clerks are the court officials through whom filing in cases is done. Id. "Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction." Id.

Here, Plaintiff alleges that Defendant Caracas refused to accept filings in Plaintiff's action because it had been dismissed. Defendant Caracas's actions regarding the filing of legal papers are integral to the judicial process. Since Defendant Caracas was performing tasks integral to the judicial process she is entitled to quasi-judicial immunity from damages for her actions in refusing to file Plaintiff's legal papers. Coulter v. Roddy, 463 F. App'x 610, 611 (9th Cir. 2011);[1] In re Harris, No. C 94-0212 VRW, 1995 WL 390625, at *3 (N.D. Cal. June 19, 1995); Sermeno v. Lewis, No. 116CV01582LJOBAMPC, 2017 WL 117879, at *3 (E.D. Cal. Jan. 11, 2017). Plaintiff's claim for damages against Defendant Caracas should be dismissed without leave to amend.

**B.     Injunctive Relief**

Plaintiff also seeks injunctive relief in this action requiring Defendant Caracas to accept filings in the state court action. Immunity is not a defense against injunctive relief. Fixel, 737 F.Supp. at 597. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A court may grant a preliminary injunction only if the plaintiff establishes four

---

[1] Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1. Ninth Circuit Rule 36-3(b).

elements: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive relief is in the public interest." Leigh v. Salazar, 677 F.3d 892, 896 (2012); Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010). An injunction "may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22 (citation omitted) (emphasis added).

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Monsanto Co. v. Geertson Seed Farms, 130 S.Ct. 2743, 2756 (2010).

In order to qualify for injunctive relief, Plaintiff must, at minimum, demonstrate "probable success on the merits" or a "fair chance of success" that his claims will ultimately prevail on their merits. See, e.g., Johnson v. Calif. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). No matter how severe or irreparable the injury asserted, an injunction should never issue if the moving party's claims are so legally untenable that there is virtually no chance of prevailing on the merits. State of Tex. v. Seatrain Int'l, S.A., 518 F.2d 175, 180 (5th Cir. 1975).

In this action, Plaintiff is unlikely to prevail on the merits of his claim and the Court finds that the request for injunctive relief should be dismissed without leave to amend. Plaintiff alleges that it was impossible for his case to be dismissed because it was pending on appeal. The complaint alleges that the case was on appeal from January 29, 2016, until February 24, 2017, and Plaintiff was told on April 16, 2016, the Superior Court had dismissed without prejudice an order to show cause. (Compl. ¶ 5.)

Review of the docket shows that, as Plaintiff alleges in his complaint, Plaintiff's appeal was dismissed on February 24, 2017. Oscar Luna v. Estate of J.M. Irigoyen, No. 14CECG02921

(Sup. Ct. Feb. 24, 2016).² While the case was still on appeal, on April 28, 2016, Judge Kristi Culver Kapetan ordered that the entire action be dismissed without prejudice. Oscar Luna v. Estate of J.M. Irigoyen, No. 14CECG02921 (Sup. Ct. April 28, 2016). It was not until February 23, 2017, that the Fifth Circuit Court of Appeal granted the defendant's motion to dismiss the appeal as Plaintiff had appealed a nonappealable order. Luna v. Irigoyen, No. F073104 (Cal. Ct. App. February 23, 2017).

"The right to appeal in California is generally governed by the 'one final judgment' rule, under which most interlocutory orders are not appealable." In re Baycol Cases I & II., 51 Cal.4th 751, 754 (2011); see also Cal. Code Civ. P. 904.1(a). The one final judgment rule provides that "an appeal may be taken only from the final judgment in an entire action." In re Baycol Cases I & II., 51 Cal. 4th at 756. Since Plaintiff's appeal was of a nonappealable order, jurisdiction remained in the superior court. People v. Adamson, 33 Cal. 2d 286, 289, 201 P.2d 537, 538 (1949). As Plaintiff's appeal was of a nonappealable order, the Superior Court retained jurisdiction to issue the order dismissing the action on April 28, 2016.

Plaintiff alleges irreparable injury because he has no State Court access to prosecute his action. Since the state court case has been dismissed, there is no action to prosecute. Plaintiff has not demonstrated an irreparable injury due to the state court refusing to allow him to file documents in this closed action.

The Court recommends that Plaintiff's request for injunctive relief be dismissed without leave to amend.

**C.   Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

---

² The Court takes judicial notice of the court filing in the action filed in the Fresno County Superior Court. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

5

In this instance, the Court finds that granting leave to amend would be futile. Accordingly, it is recommended that the complaint be dismissed without leave to amend.

## III.

## CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to state a cognizable claim for damages against Defendant Caracas as she is entitled to quasi-judicial immunity for refusing to file Plaintiff's legal documents. As discussed above, Plaintiff cannot prevail on his claim for injunctive relief to require the superior court to accept filings in the closed action.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint in this action be dismissed without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 25, 2017**

UNITED STATES MAGISTRATE JUDGE