UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR LUNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARMAE CARACAS,<br><br>　　　　　Defendant. | No. 1:17-cv-00567-DAD-SAB<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 4) |

　　　　Plaintiff Oscar Luna, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 26, 2017, the assigned magistrate judge filed findings and recommendations, recommending that this court dismiss plaintiff's complaint without leave to amend. (Doc. No. 4.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one days. (*Id.*) Plaintiff filed objections and a declaration in support thereof on May 1, 2017. (Doc. Nos. 5–6.)

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's

/////

1

objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff objects to the findings and recommendations on the ground that his state court case was closed sua sponte by defendant, without an order by the judge. The court finds this argument unavailing. Even if plaintiff's state court case was closed in error, defendant Caracas, acting in her official capacity as Clerk Supervisor of the Fresno County Superior Court, "has absolute quasi-judicial immunity because [her] challenged activities were an integral part of the judicial process." *Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986); *accord Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Here, plaintiff is alleging defendant refused to file documents in his state court action because that case was closed. Absolute judicial immunity provides the official with immunity from damages liability as long as she performed a judicial act and did not act in the clear absence of jurisdiction, "even if [her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 357, 359 (1978). Accordingly, the undersigned concurs with the magistrate judge's findings and recommendations with regard to the claims set forth in plaintiff's complaint.

Plaintiff also contends for the first time in his objections that his due process rights were violated when his state court case was sua sponte closed by the clerk's office. Plaintiff presented no such allegations or state such a due process claim in his complaint. In light of this new claim presented for the first time in his objections, plaintiff will be granted an opportunity to amend his complaint to attempt to state a cognizable due process claim if he so wishes.

Accordingly,

1. The April 26, 2017 findings and recommendations (Doc. No. 4) are adopted in part;
2. Plaintiff's claims for damages against defendant Caracas are dismissed without leave to amend;
3. Plaintiff will be granted leave to file an amended complaint within twenty-one days of the date of this order to attempt to allege a cognizable due process claim; and

/////

2

4. If plaintiff fails to file an amended complaint in compliance with this order and within the time period provided, this action shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 12, 2017**

_____
UNITED STATES DISTRICT JUDGE