# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR LUNA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARMAE CARACAS,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00567-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>THIRTY DAY DEADLINE |

Plaintiff Oscar Luna, appearing pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint, filed June 22, 2017.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis

1

proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Similarly, the court may dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

**II.**

**DISCUSSION**

Plaintiff brings this action against Charmae Caracas who is the Clerk Supervisor of the Fresno County Superior Court. (First Am. Coml. ("FAC") 2, ECF No. 8.) On April 16, 2016, Defendant Caracas dismissed Plaintiff's state law case. (FAC 2.) On April 21, 2017, Defendant Caracas told Plaintiff that as Fresno County Superior Court Clerk supervisor the action was "hers, proper, and final." (FAC 2.) Plaintiff alleges that the dismissal of the action without cause, notice, or opportunity to be heard violated his rights to access to the Court and due process. (FAC 3.) Plaintiff seeks injunctive relief ordering Defendant Caracas to correct the dismissal order and monetary relief. (FAC 3, 4.)

### A. Quasi-Judicial Immunity from Damages

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987); Fixel v. United States, 737 F.Supp. 593, 597 (D. Nev. 1990), aff'd sub nom. Fixel v. U.S. Dist. Court of Nevada, 930 F.2d 27 (9th Cir. 1991). Clerk action that is "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" Mullis, 828 F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)). In Mullis, a bankruptcy debtor filed an action against the bankruptcy court clerks. Mullis, 828 F.2d at 1390. The plaintiff alleged denial to access of the court after the court clerks refused to accept and file an amended petition in his bankruptcy action. Mullis, 828 F.2d at 1390. The court found that the clerk of court and deputy clerks are the court officials through whom filing in cases is done. Id. "Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction." Id.

Here, Plaintiff alleges that Defendant Caracas dismissed his action without judicial authority. In reviewing a pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson, 551 U.S. at 94. The Court is not, however, required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely

1  conclusory, unwarranted deductions of fact, or unreasonable inferences. Daniels-Hall v.
2  National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). As the Court previously took judicial
3  notice, review of the Superior Court docket shows that, on April 28, 2016, Judge Kristi Culver
4  Kapetan ordered that the entire action be dismissed without prejudice after Plaintiff failed to
5  appear for a scheduled order to show cause hearing.[1] Oscar Luna v. Estate of J.M. Irigoyen, No.
6  14CECG02921 (Sup. Ct. April 28, 2016).[2] While Plaintiff alleges that the action was dismissed
7  sua sponte by a non-judge, as Plaintiff alleged in his prior complaint, the order to dismiss was
8  issued by Judge Kapetan.

Defendant Caracas's actions in processing the orders of the judge are integral to the judicial process. Since Defendant Caracas was performing tasks integral to the judicial process,

---

[1] Although Plaintiff is proceeding pro se in this action, he is still bound by the rules of procedure and may be sanctioned if he fails to comply with the local or federal rules or orders of the court. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012); Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); see also Rule 110 of the Local Rules of the United States District Court, Eastern District of California ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Plaintiff is advised of his obligations under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides that by presenting a pleading to the Court, Plaintiff is certifying that to the best of his knowledge, information and belief, formed after a reasonable inquiry,

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"Rule 11 imposes a duty on [attorneys or unrepresented parties] to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.' " Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). In considering whether a complaint violates Rule 11 the Court considers, "Would a reasonable attorney have believed plaintiff's complaint to be well-founded in fact based on what a reasonable attorney would have known at the time?" Willis v. City of Oakland, 231 F.R.D. 597, 598 (N.D.Cal.2005). If the Court finds that a pleading has been filed in violation of Rule 11, a recommendation shall be made for the issuance of sanctions up to and including dismissal of the action.

[2] The Court takes judicial notice of the court filing in the action filed in the Fresno County Superior Court. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

she is entitled to quasi-judicial immunity from damages for her actions in dismissing Plaintiff's case. Coulter v. Roddy, 463 F. App'x 610, 611 (9th Cir. 2011);[3] In re Harris, No. C 94-0212 VRW, 1995 WL 390625, at *3 (N.D. Cal. June 19, 1995); Sermeno v. Lewis, No. 116CV01582LJOBAMPC, 2017 WL 117879, at *3 (E.D. Cal. Jan. 11, 2017). As Plaintiff was previously advised, he cannot pursue claims for damages against Defendant Caracas or any other court employee who was performing tasks that were an integral part of the judicial process.

### B. Right of Access to the Court

Plaintiff alleges that his access to the court and due process rights were violated by Defendant Caracas because his case was dismissed without providing him with notice and an opportunity to be heard. The Supreme Court has long recognized a fundamental right of access to the court that is grounded in the due process clause. Boddie v. Connecticut, 401 U.S. 371, 376 (1971); Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998).

The Due Process Clause protects against the deprivation of life, liberty, or property without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a due process claim, a litigant must allege that he was deprived of a liberty or property interest protected by the due process clause and that the procedures attendant upon that deprivation were not constitutionally sufficient. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Due process requires that the deprivation of life, liberty or property by adjudication must be preceded by notice and the opportunity for a hearing appropriate to the nature of the case. Boddie, 401 U.S. at 378.

"[D]ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." Boddie, 401 U.S. at 377. However, this does not require every litigant in a civil matter to actually have a hearing on the merits of his claims. Id. at 378. For example, default judgment can be entered against a

---

[3] Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1. Ninth Circuit Rule 36-3(b).

5

defendant who after receiving proper notice fails to appear or sanctions may issue for failure to comply with procedural rules. Id. However, the litigant must be afforded a meaningful opportunity to be heard before being deprived of a significant property interest. Id.

In order to state an access to the court claim, the "plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim[.]" Christopher v. Harbury, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher, 536 U.S. at 416.

Here, Plaintiff alleges that "his entire case and with it unique real and personal property worth in excess of $1,000,000" were lost. However, Plaintiff's complaint is devoid of any factual allegations by which the Court can infer that he had a nonfrivolous, arguable underlying claim. Further, Defendant Caracas, as Clerk of the Court, only processed the order issued by the judge adjudicating Plaintiff's case. When resolving a claim against individual defendants, causation must be resolved via "a very individualized approach which accounts for the duties, discretion, and means of each defendant." Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988) citing with approval Williams v. Bennett, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party.") Plaintiff has failed to state a cognizable claim against Defendant Caracas.

**C. Rooker-Feldman Doctrine**

It is well established that a federal district court lacks jurisdiction to hear appeals from state court decisions. Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). In Rooker, the plaintiff alleged an injury by a state court judgment which was issued in violation of the Contract Clause of the United States Constitution and due process of law and equal protection guaranteed under the Fourteenth Amendment. Rooker, 263 U.S. at 414-15. The Rooker court held that, even if the judgment was wrong, the Supreme Court was the only federal court that had jurisdiction to reverse or modify the state court judgment. Id. at 416.

In D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983), the plaintiffs requested an

1  exemption from a requirement for admission to the bar and were seeking to challenge the denial
2  of admission. The Court of Appeals dismissed their complaints and the plaintiffs appealed to the
3  Supreme Court. Feldman, 460 U.S. at 474. After determining that the proceedings were judicial
4  in nature, the Supreme Court found that the complaint alleging that the denial of their request for
5  waiver was inextricably intertwined with the decision to deny their waiver petitions. Id. at 486-
6  87. "If the constitutional claims presented to a United States District Court are inextricably
7  intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's
8  application [for relief], then the District Court is in essence being called upon to review the state
9  court decision. This the District Court may not do." Id. at 484 n.16. The district court does not
10 have jurisdiction "over challenges to state court decisions in particular cases arising out of
11 judicial proceedings even if those challenges allege that the state court's action was
12 unconstitutional." Id. at 486. Together these cases have become known as the Rooker-Feldman
13 doctrine. In deciding whether the Rooker-Feldman doctrine applies in an action brought in
14 federal court, we consider if the injury allegedly suffered by Plaintiff resulted from the state
15 court judgment itself or if it is distinct from that judgment. Garry v. Geils, 82 F.3d 1362, 1365
16 (7th Cir. 1996

17      "If claims raised in the federal court action are 'inextricably intertwined' with the state
18 court's decision such that the adjudication of the federal claims would undercut the state ruling
19 or require the district court to interpret the application of state laws or procedural rules, then the
20 federal complaint must be dismissed for lack of subject matter jurisdiction." Bianchi, 334 F.3d
21 at 898. "The Rooker-Feldman doctrine prevents lower federal courts from exercising
22 jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court,
23 even where the party does not directly challenge the merits of the state court's decision but rather
24 brings an indirect challenge based on constitutional principles.'" Bianchi, 334 F.3d at 901 n.4;
25 see also Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001) (the
26 Ninth Circuit has held that the Rooker-Feldman doctrine applies even when the challenge to the
27 state court decision involves federal constitutional issues).
28      Here, Plaintiff is seeking to have this Court order that the dismissal order in his state

court action be declared null and void and stricken from the state court docket. (FAC at 4.) Plaintiff is claiming that the judgment is the cause of his injury and seeks relief from that judgment. As in Rooker, Plaintiff alleges that the judgment of the state court was entered in violation of his due process rights and seeks to have this Court declare the judgment null and void. While federal courts have jurisdiction over general constitutional challenges, Plaintiff's action requires review of the final decision of his state court action. Since Plaintiff is essentially seeking a review of the state court order dismissing his case and success on his claim would require this Court to find that the state court was wrong in issuing the judgment, Plaintiff's federal claims are "inextricably intertwined" with the state court judgment. Doe & Assocs. Law Offices, 252 F.3d at 1030.

The Rooker-Feldman doctrine bars federal adjudication of the claim challenging the state court judgment. Bianchi, 334 F.3d at 901 n.4. Only the Supreme Court has appellate jurisdiction over civil judgments of state courts. Garry, 82 F.3d at 1365. Therefore, "if a federal plaintiff claims injury at the hands of a state court, due to its decision in a civil case, federal district courts have no jurisdiction to hear the case; and the only appeal is to the Supreme Court after a final judgment by the highest state court." Garry, 82 F.3d at 1365. Here, the federal relief Plaintiff seeks would require this Court to find that the state court wrongly dismissed his action and reverse the order of the state court. In this instance, Plaintiff's action is a prohibited appeal of the state court judgment. Cooper v. Ramos, 704 F.3d 772, 779 (9th Cir. 2012). Plaintiff is barred from bringing his claims in this action by the Rooker-Feldman doctrine.

**D. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

As Plaintiff is prohibited from bringing this action by the Rooker-Feldman doctrine, it would be futile to allow amendment of the complaint. The Court recommends that the complaint

be dismissed without leave to amend.

## III.

## CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to state a cognizable claim against Defendant Caracas. Further, the Court finds that it would be futile to allow Plaintiff to file an amended complaint.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's complaint in this action be dismissed without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __July 12, 2017__

UNITED STATES MAGISTRATE JUDGE